IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VENUS MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-208 (JLH) |
| | ) |
| KATHY JENNINGS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

1.  On February 16, 2024, *pro se* Plaintiff Venus Moore filed a Complaint alleging employment discrimination. The Complaint names as Defendants (1) Delaware Attorney General Kathy Jennings, (2) Delaware State Solicitor Patricia Davis Oliva, (3) Delaware Deputy Attorney General Gabriela Kejner, (4) Delaware Deputy Attorney General Adria B. Marinelli, (5) Kirstin Melero, and (6) Stacey Lynch, and (7) Dava Newman, Deputy Cabinet Secretary of the Delaware Department of Health and Human Services. (D.I. 2.) Now pending before the Court is Defendants' Motion to Dismiss. (D.I. 17, 18.) For the reasons summarized below, the motion is GRANTED.

2.  The Complaint and attached exhibits reflect that Plaintiff was terminated from employment with the State of Delaware Department of Health and Human Services in 2022. Plaintiff's Complaint alleges three claims: (1) violation of the Americans with Disabilities Act (ADA); (2) violation of the Vietnam Era Veterans' Readjustment Assistance Act (VEVRAA); and (3) Violation of the Age Discrimination in Employment Act (ADEA). (D.I. 2 at 3.)

3.  A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

4. A defendant may also move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to consider the allegations of the complaint as true." *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (internal quotation marks and citation omitted).

5. Plaintiff's ADA claim will be dismissed. There are multiple problems with the ADA claim. For example, the Complaint and attached exhibits do not plead facts connecting the individuals named as defendants with anything plausibly suggesting any discrimination on the basis of a disability, any retaliation for any protected activity, any denial of a reasonable

accommodation, or any other violations of the ADA. And even if Plaintiff were to name an appropriate defendant for her ADA claim, it is well settled that claims for money damages against the state for employment discrimination under the ADA are barred by the Eleventh Amendment. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 362 (2001); *Brooks v. Delaware, Dep't of Health & Soc. Servs.*, No. 10-569, 2012 WL 1134481, at *4 (D. Del. Mar. 30, 2012).

6. Plaintiff's VEVRAA claim will also be dismissed, as there is no private right of action under VEVRAA. *Jackson v. Dana Corp.*, No. 98-5431, 1999 WL 1018241, at *10 (E.D. Pa. Nov. 9, 1999).

7. The Complaint also fails to state a claim under the ADEA. Among the many problems with the ADEA claim are that the Complaint fails to allege any facts plausibly suggesting that Plaintiff was discriminated against on the basis of her age or that the named defendants are legally responsible.

8. Defendants also point out, and Plaintiff does not dispute, that the Equal Employment Opportunity Commission issued Plaintiff a Right to Sue letter on August 18, 2023. Plaintiff only had 90 days from her receipt of the letter to file suit; however, Plaintiff did not file her Complaint here until almost 6 months later, on February 16, 2024. Thus, even if Plaintiff fixed all of the deficiencies in her pleading, her ADA and ADEA claims appear to be time-barred. *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) ("We have strictly construed the 90–day period and held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed.").

9. Out of an abundance of caution, Plaintiff will be granted leave to amend her Complaint to attempt to address the deficiencies noted above. The Court shall give Plaintiff

fourteen (14) days from the issuance of this Order to file an amended complaint. If Plaintiff chooses to file an Amended Complaint, it will wholly replace her Complaint.  Plaintiff is advised that filing an Amended Complaint that fails to remedy the above-discussed deficiencies will likely result in dismissal with prejudice.  Alternatively, if Plaintiff chooses not to timely file an Amended Complaint, this case will be closed.

Dated: January 29, 2025

                                                    Jennifer L. Hall
                                                    United States District Judge